[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16045
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-60025-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENISIER JEAN-LOUIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2010)

Before EDMONDSON, BLACK  and MARTIN, Circuit Judges.

PER CURIAM:

Denisier Jean-Louis appeals his 120-month sentence and conviction for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846. Jean-Louis asserts two issues on appeal: (1) whether there was sufficient evidence of the existence of an agreement, beyond a mere buyer-seller relationship, to sustain a guilty verdict; and (2) whether he was denied due process because of the Government's refusal to allow him the same parity in sentencing, that was extended to his co-defendants. We address each issue in turn, and affirm Jean-Louis' conviction and sentence.

I.

Jean-Louis first asserts the Government presented insufficient evidence of an agreement with his drug dealer, Leroy Estime, to possess crack with intent to distribute. Jean-Louis claims he simply had a buyer-seller relationship with Estime, and an investigation by the Government and Estime's own testimony failed to prove otherwise. Additionally, Jean-Louis contends Estime's testimony was unreliable because he hoped to expedite his release from prison by testifying against Jean-Louis.

We review a challenge to the sufficiency of the evidence *de novo*. *United States v. Majors*, 196 F.3d 1206, 1210 (11th Cir. 1999). This Court views the evidence in the light most favorable to the government, draws credibility choices in

2

favor of the verdict, and determines whether the jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Young*, 39 F.3d 1561, 1565 (11th Cir. 1994).

To convict a defendant for conspiracy, the evidence must show (1) a conspiracy existed, (2) the defendant knew of it, and (3) the defendant, with knowledge, voluntarily joined it. *United States v. Perez-Tosta*, 36 F.3d 1552, 1557 (11th Cir. 1994). While the existence of a simple buyer-seller relationship alone does not furnish the requisite evidence of a conspiratorial relationship, an agreement to distribute drugs may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to a purchaser. *United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir. 2005). What distinguishes a conspiracy from a mere buyer-seller relationship is the joint objective of distributing drugs. *See United States v. Dekle*, 165 F.3d 826, 829 (11th Cir. 1999).

The fact that a witness thought that his testimony would benefit him does not make his testimony incredible. *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976). For testimony to be considered incredible as a matter of law, "it must be unbelievable on its face, i.e., testimony as to facts that [the witness] could not

3

have possibly observed or events that could not have occurred under the laws of nature." *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985).

The Government presented sufficient evidence for a jury to find Jean-Louis and Estime were involved in a conspiracy to distribute crack cocaine. The record shows Jean-Louis talked about his customers with Estime, Estime sold Jean-Louis crack in distributable one-gram rocks, and Jean-Louis bought considerably more than user quantities. Moreover, Jean-Louis revealed his intention to resell the crack by telling Estime his strategy for selling the one-gram rocks at a profit. Finally, the jury could infer a conspiracy to distribute crack based on the repeated transfer of drugs between Estime and Jean-Louis. *See Thompson*, 422 F.3d at 1292.

The fact that Estime thought his testimony for the Government would benefit him does not make his testimony incredible. *See Cravero*, 530 F.2d at 670. Estime's testimony that Jean-Louis talked about dealing drugs is not unbelievable on its face because the Government presented evidence of recorded phone conversations corroborating this testimony. Thus, Jean-Louis' argument that the Government presented insufficient evidence of a conspiracy to distribute crack cocaine is without merit.

II.

Jean-Louis next contends he was denied due process of law because the Government did not inform the court, as it did in the case of his co-defendants, that it would not object to a variance in his sentence based on a one-to-one ratio between crack cocaine and powder cocaine. In addition, Jean-Louis claims the prosecutor's "distortion of government policy" rendered the sentence imposed on Jean-Louis fundamentally unfair.

Jean-Louis' assertion, raised for the first time on appeal, is reviewed for plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005) (reviewing constitutional objection not raised before the district court for plain error). "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010).

Although the district court is required "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), defendants who cooperate with the

5

Government are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). There is no unwarranted disparity even when the sentence the cooperating defendant receives is "substantially shorter." *Id.*

The Government did not deprive Jean-Louis of his due process rights when it did not ask for the same variance to be applied to him during sentencing. Jean-Louis fails to cite any authority requiring the Government to announce policies consistently during the sentencing of all codefendants. Moreover, Jean-Louis was not subject to an unfair disparity in his sentence because, unlike his codefendants, he did not provide assistance to the Government. *See Docampo*, 573 F.3d at 1101.

Further, the district court did not err in sentencing Jean-Louis to the mandatory minimum because he did not qualify for a below mandatory minimum sentence under 18 U.S.C. § 3553(f), the so-called "safety-valve" provision. Review of the record shows Jean-Louis' safety-valve proffer changed quickly in response to questions from the court, bringing into doubt the truthfulness of his statement as a whole. In addition, the district court acknowledged that Jean-Louis had obstructed justice, warranting an upward enhancement. Accordingly, we affirm Jean-Louis' conviction and sentence.

**AFFIRMED.**

6